IN THE UNITED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHELBY BROWN, Individually and on behalf of others similarly situated, § § § § § Plaintiff § § v. § § PRODUCTION TESTING SERVICES, § INC. and ROBERT A. HOFF § § Defendants. § | CIVIL ACTION NO. 4:16-cv-001152<br><br>DEMAND FOR JURY TRIAL |

## PLAINTIFF'S RESPONSE IN OPPOSITION OF DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

TO THE HONORABLE COURT:

COMES NOW Plaintiff Shelby Brown, Individually and on behalf of others similarly situated and files this Response to Defendants' Motion to Dismiss ("Response").

### NATURE AND STAGE OF PROCEEDINGS

1. On April 28, 2016, Plaintiff filed a complaint against all Defendants, alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* ("FLSA") and the Alaska Wage and Hour Act (AWHA) Sec. 23.10.060. Plaintiff's Original Collective and Class Action Complaint (herein after the "Complaint"), Dkt. No. 1. Plaintiffs agreed to Defendants' request to extend Defendants' deadline to Answer or otherwise respond to August 1, 2016. Before filing their Answer, Defendants filed a Motion to Dismiss ("Motion to Dismiss") on August 1, 2016. Plaintiff opposes Defendants' Motion to Dismiss.

## FACTUAL BACKGROUND

2.      Plaintiff Shelby Brown ("Plaintiff") alleges that Defendants failed to pay him and other similarly situated employees for overtime during a three-year work period. Defendants employed Brown as a field operator and supervisor in the oil and gas industry. Brown, as well as similarly situated employees performed surface well operations, including flowback and exploration testing. Complaint, Dkt. No. 1 ¶ 11.

3.      During their time of employment, Brown, as well as other similarly situated employees of Defendants regularly worked over 40 hours per week without being paid overtime compensation for overtime hours worked. Complaint, Dkt. No. 1 ¶ 21. Additionally, Plaintiff alleges that Defendants failed to pay Plaintiff and other similarly situated employees overtime payment for hours worked in excess of eight hours per day, in violation of AWHA Sec. 23.10.060. Complaint, Dkt. No. 1 ¶ 38. Moreover, Plaintiff alleges a misclassification of Plaintiff's employment status as an employee exempted from receiving overtime under the FLSA. Complaint, Dkt. No. 1 ¶ 33.

## STANDARD OF REVIEW FOR RULE 12(b)(6) MOTION TO DISMISS

4.      The Fifth Circuit reviews de novo the grant of a 12(b)(6) motion to dismiss. *Ballard v. Wall,* 413 F.3d 510, 514 (5th Cir. 2005). When considering defendants' motion, the court must construe the factual allegations in the complaint in the light most favorable to plaintiff. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is **not** akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662,678

(2009). Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to rely on judicial experience and common sense. *Id.* at 679. Therefore, FLSA statutory requirements may specifically shape and affect the way in which a court views a complaint's factual allegations. If the factual allegations in plaintiff's complaint are sufficient to show that the right to relief is plausible and above mere speculation, the court should deny defendants' motion. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56, 570 (2007).

5. Although the *Iqbal/Twombly* pleading standard guides courts in evaluating pleadings under 12(b)(6) motions to dismiss, the standards for plausibility are different in the context of wage and hour cases than they are for cases based on the theories alleged in *Iqbal* and *Twombly*. Wages and hour cases tend to be more straightforward and therefore less likely to strain the limits of plausibility. *See, e.g. Schlinsky v. Action Video Prods., Inc.,* No. 09-CIV-61779, 2010 WL 227910, at *2 (S.D. Fla. Jan 13, 2010) ("Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward.") (quoting *Sec. of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008)).

6. Even in the aftermath of *Iqbal* and *Twombly*, courts must still draw reasonable inferences from facts pleaded in the complaint and take into account what plaintiffs can "not possibly show at this [early] stage in the litigation" without discovery. *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594-602 (8th Cir. 2009) (denying *Iqbal* motion against ERISA fiduciary duty class action because Rule 8 "does not require a plaintiff to plead 'specific facts' explaining precisely how the defendant's conduct was unlawful."). Moreover, elements of Fed.R.Civ.P. 8 fair notice pleading still remain to guide the courts in evaluating whether or not a case may survive past a 12(b)(6) motion.

As shown below, Plaintiff's Original Complaint meets the federal pleading standard as applied to a collective action case under the FLSA.

## SUMMARY OF ARGUMENT

Plaintiff fulfilled the statutory pleading requirements of collective actions under the FLSA and has not yet filed a Motion for Conditional Certification of the Collective Action Class, making Defendants' "Motion to Dismiss" argument based on collective action certification premature. Plaintiff sufficiently pled Defendant Robert A. Hoff's status as employer under the FLSA by alleging control of payment and control over Production Testing Services, Inc. Defendants' argument to dismiss Plaintiff's Complaint based on improperly pled misclassification allegations is premature and should be denied because misclassification allegations require fact-intensive inquiries by the Court, which are not appropriate at this phase of the proceedings. Plaintiff further alleged facts giving rise to the plausibility of his status as a non- exempt employee because he is economically dependent on Defendants and because he has not only performed the work of a non-exempt employee, whether with the job title of operator or supervisor. Plaintiff alleged sufficient facts to suggest wrongdoing by Defendants Production Testing Services, Inc. and Robert A. Hoff when Plaintiff alleged that Defendants failed to pay Plaintiff, as well as other employees similarly situated, for overtime worked in excess of 8 hours throughout 40-hour work week as required under the FLSA and the AWHA. Plaintiff adequately alleged FLSA coverage in his Original Complaint because Plaintiff provided sufficient facts in identifying the type of business or enterprise in which Defendant was engaged for the production of goods, and alleged the statutory yearly valued earned by Defendants necessary to come under the FLSA. Finally, Plaintiff properly alleged willfulness in Defendants' violation of the FLSA as required by the FLSA because the FLSA does not require plaintiffs to allege specific facts or allegations surrounding willfulness or

knowledge of FLSA violations.

## ARGUMENT

**I. Plaintiff Fulfilled the Collective Action Pleading Requirements Under the FLSA Because Plaintiff Properly Alleged That He Was Similarly Situated to Other Employees. In the Alternative, Defendants' Motion to Dismiss Is Premature Because Plaintiff Has Not Yet Sought Class Certification.**

**A. Plaintiff's Complaint Was Sufficient to Show that He Was "Similarly Situated" to Other Employees of the Defendants in a Collective Action Because His Original Complaint Alleged Substantial Factual Allegations as to the Employment Positions of Plaintiff and Other Employees as Field Operators and Supervisors.**

7. Defendants argue that Plaintiff failed to meet the statutory requirements of pleading collective actions under the FLSA. Motion to Dismiss, page 2. The FLSA requires employers to compensate non-exempt employees for hours worked in excess of 40 hours per workweek at a rate not less than one and a half times the rate at which they are regularly employed. 29 U.S.C. § 207(a)(1). Section 216(b) of the FLSA creates a cause of action for employees against employers who violate the overtime compensation requirements of the FLSA and allows such actions to be maintained on behalf of employees who are not parties to the litigation through a collective action. 29. U.S.C. §216(b).

8. In order for other employees to be brought in through a collective action, other employees must be "similarly situated" to the plaintiff. The FLSA, however, does not define "similarly situated," nor does it prescribe a method for certifying a collective action. *O'Brien v. Ed Donnelly Enters.,* 575 F.3d 567, 584 (6th Cir. 2009). This fact therefore requires the courts to be guided by case precedent as to definition of "similarly situated" under the FLSA.

9. Defendants argue that Plaintiff has failed to show that Plaintiff Shelby Brown was "similarly situated" to the other employees brought in under the collective action allegations.

Defendants cite *England v. New Century Fin. Corp.* in an attempt to show that a plaintiff must prove a pattern or practice of violating the FLSA in order for collective employees to be considered similarly situated to the plaintiff. Motion to Dismiss, page. 4. Plaintiffs, however, need only make a "modest factual showing" that members of the proposed collective action are similarly situated. *See, e.g., Hoffman v. Sbarro*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997); *Trezvant v. Fidelity Employer Servs. Corp.*, 434 F. Supp. 2d at 43; *Dominguez v. Don Pedro Rest.,* 2007 WL 271567, at *4 (N.D. Ill. Jan. 25, 2007). Courts generally require little more than substantial allegations, supported by declarations or discovery, that plaintiffs and putative members of the proposed collective action are similarly situated. *Lewis v. Wells Fargo Co.*, 669 F. Supp. 2d 1124, 1127 (N.D. Cal. 2009) citing *Thiessen*, 267 F.3d at 1102. In this regard, to the extent they are relevant to the case, courts consider the class members' job duties, geographic locations, employer supervision, and compensation, and may take into consideration the existence of a common employer policy, practice or plan that allegedly violates the FLSA. *Rawls v. Augustine Home Health Care, Inc.*, 244 F.R.D. at 300.

10. Plaintiffs need only show that they and the putative class members are "similar, not identical*." See, e.g., Pendlebury v. Starbucks Coffee Co.*, 518 F. Supp. 2d 1345, 1362 (S.D. Fla. 2007); *Grayson v. K-Mart Corp.,* 79 F.3d 1086, 1096 (11th Cir. 1996); *Comer v. Wal-Mart Stores, Inc.,* 454 F.3d 544, 546-47 (6th Cir. 2006).[1] The mere fact that employees have different job titles, however, will not preclude them from being similarly situated as long as they are subject to the same employment rules and policies of the employer. *See Rodgers v. Eli Lilly & Co.,* 118 FEP 1011 (S.D. Ind. 2013) (holding that job titles alone were not dispositive in determining whether

---

[1] As reasoned in *Pendlebury v. Starbucks Coffee Co*.: "every class under § 216(b) will have differences; however, class members need only be similar, not identical. If Defendant's contentions that the class must be similar in almost all respects was to prevail, the intent behind class certification under §216(b) would be frustrated and the statute's class provisions would be effectively emasculated." 518 F. Supp. 2d at 1362.

two employees can be compared); *See also, Lathem v. Department of Children & Youth,* 172 F.3d 786, 79 FEP 1267 (11th Cir. 1999) (Two employees need not have the same job description to be similarly situated).

11. In the present case, Plaintiff brought suit against Defendants through an opt-in collective action for individuals who worked as field operators and field supervisors who performed surface well-operations. Complaint, Dkt. No. 1 ¶ 27. Plaintiff alleged that other similarly situated employees perform or have performed, the same or similar work as the Plaintiff, *Id* at ¶ 29, and that, "other similarly situated employees work or worked as field operators and field supervisors who performed surface well operations, including flowback and exploration well testing or similar job positions and are paid in the same fashion as Plaintiff." *Id.* at ¶ 29. Furthermore, Plaintiff alleged that the similarly situated employees were victims of a documentation system which routine failed to document hours worked by non-exempt employees. Complaint, Dkt. No. 1 ¶ 34.

12. Under the current standard utilized by courts in determining whether or not an employee is "similarly situated" to the plaintiff in a collective action, Plaintiff's Complaint gave rise to substantial allegations necessary to show that employees of the Defendants were similarly situated to the plaintiff as employees. Additionally, more information about the employment situations of all employees of the class can be ascertained through the discovery process of information possessed only by Defendants.

**B. Alternatively, Defendants' Motion to Dismiss on Collective Certification Status Was Premature Because Plaintiff Has Not Yet Filed a Motion for Class Certification.**

13. The decision to certify an opt-in class under § 216(b), like the decision to certify a class under Rule 23, remains soundly within the discretion of the district court. *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001) (citations omitted). For a putative collective action under 29 U.S.C. 216(b) to be certified and thus permitted to proceed to trial as a collective action,

employees bringing the action must demonstrate they are similarly situated. 29 U.S.C. § 216(b). Furthermore, 216(b) certification analysis "is not a factor-by-factor calculus comparable to that required for Rule 23 class certification." *Prescott v. Prudential Ins. Co.,* 729 F. Supp. 2d 357, 364 (D. Me. 2010). Rather, "when certifying a collective action, courts take a holistic view: 'as more legally significant differences appear amongst the opt-ins, the less likely it is that the group of employees is similarly situated.'" *Id*. Moreover, "the requisite showing of similarity of claims under the FLSA is considerably less stringent than the requisite showing under Rule 23 of the Federal Rules of Civil Procedure." *Lewis v. Wells Fargo Co.,* 669 F.Supp.2d at 1127 citing *Wertheim v. Arizona,* 1993 U.S. Dist. LEXIS 21292, *2-3, 1993 WL 603552, *1 (D. Ariz. Sept. 30, 1993) (citations omitted).

14. Defendants argue that Plaintiff's Complaint should be further dismissed because he failed to properly plead the requirements for collective action. Motion to Dismiss, page 11. However, Plaintiff has not yet filed a Motion for Conditional Certification, nor have Defendants filed a Motion for Decertification as to the collective action status of the class of employees, thereby making Defendants' argument premature in this stage of litigation. *Hoffman v. Cemex, Inc.,* No. H-09-3144, 2009 WL 4825224, at *4 (S.D. Tex. Dec. 8, 2009) (declining to consider the collective action issue in a Rule 12(b)(6) motion).

15. The propriety of proceeding as a class action is generally considered more appropriate for the class certification stage. *Nicholson v. UTI Worldwide, Inc.,* No. 3:09-cv-722-JPG-DGW, 2010 WL 551551 (S.D. Ill. Feb. 12, 2010). Just as for a class action proceeding, any opposition to collective action certification should be alleged at an appropriate phase in the proceedings after class certification has been sought. *Id.; See also, Hoffman v. Cemex, Inc.*, No.-H-09-3144, 2009 WL 4825224, at *12 (S.D. Tex. Dec. 8, 2009) (holding that deciding whether or not to proceed

collectively will be addressed when the plaintiffs move for conditional certification and issuance of notice to the class). Furthermore, pleadings on "information and belief" is permitted to withstand an *Iqbal* motion with respect to collective action status. *Id. See also, Tahir v. Avis Budget Group, Inc.* (No. 09-3495, 2009 WL 4911941, at *8 (D.N.J. Dec. 14, 2009) (holding that defendants' attack on those portions of this Complaint that relate to the pleading of a collective action is misplaced at an early stage of the litigation).

16. Here, Plaintiff alleged all collective action allegations on information and belief. Complaint, Dkt.1 ¶ 18 However, Plaintiff has not yet filed a Motion for Conditional Certification as to the Collective Action. If the class is conditionally certified and notice is issued, Defendants may later move for decertification, at which point the appropriateness of class certification will be subjected to a more searching inquiry. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995) (citing *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D. N.J. 1987)) (describing the two-step certification process available in FLSA cases). Dismissal of the collective-action allegations here is not warranted.

**II.     Plaintiff's Complaint Stated a Facially Plausible Claim Against Hoff as an Employer Because Plaintiff Alleged Defendants' Control of Payment and Control of the Business.**

17. Defendants allege in their Motion to Dismiss that Plaintiff's Complaint fails to state a facially plausible claim against Defendant Hoff because Plaintiff failed to allege sufficient facts that Hoff was his employer under the FLSA. Motion to Dismiss, page 5. Defendants argue that Plaintiff must allege facts to satisfy the economic realities test outline by the Fifth Circuit in *Gray v. Powers,* 673 F.3d 352, 354-55 (5th Cir. 2012). However, when viewed under the guiding light of *Gray,* Plaintiff indeed did plead sufficient facts to establish that Hoff as an employer as covered under the FLSA.

18. The case, *Gray v. Powers* outlines the employee test as follows, "[T]o determine whether an individual or entity is an employer, the court considers whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *See Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012). In his Complaint, Plaintiff alleged that Robert A. Hoff "is an owner and the CEO and President of Production Testing Services, Inc. This Defendant acted directly and/or indirectly in the interests of Production Testing Services, Inc. in relation to Plaintiff's employment with Production Testing Services, Inc. This Defendant has and had continuous and ongoing involvement in managerial responsibilities and operation control of Production Testing Services, Inc., including decisions regarding rates and methods of compensation." Complaint, Dkt.1 ¶ 18.

19. Plaintiff also alleged Defendant Robert A. Hoff had control over the operations of the Defendant Company, including methods and rates of Plaintiff's pay. Complaint, Dkt.1 ¶ 11. These are sufficient alleged facts under the "economic reality test" for the Court to draw the reasonable inference that Robert A. Hoff was Plaintiff's employer. *Velazquez v. El Pollo Regio IP, LLC*, Civil Action No. 3:15-cv-03170-M at *8, 2016 U.S. Dist. LEXIS 89089 (N.D. Tex. 2016) (denying dismissal of plaintiff's cause of action where plaintiff alleged that each defendant had control over the day-to-day operations of one or companies, as well as control of his work and schedule, and plaintiff's pay). These are sufficient alleged facts under the economic reality test for the Court to draw the reasonable inference that Defendants were Plaintiff's employers under the FLSA. *Id*. Additionally, this factual allegation meets the plausibility standard to show that Hoff administered and controlled pay, and controlled the company itself by holding himself out as owner, CEO, and President, and is not a mere recitation of a label as an employer. *See Bohr v. Corrigan Moving*

*Sys.,* No. 09 C 4281, 2009 U.S. Dist. LEXIS 100644, *3-*4 (N.D. Ill. Oct. 29, 2009) (granting Defendant's motion to dismiss where plaintiff "merely recited the definition of 'employer' under the FLSA).

20. Plaintiff's allegations that Robert A. Hoff was the CEO Production Testing Services, as well as the President of Production Test Services, Inc. met the *Iqbal* and *Twombly* plausibility standard as to the fact that Hoff dominated Production Testing Services, Inc.'s administration and has the power to act on behalf of the corporation vis-a-vis its employees. *See Itzep v. Target Corp.*, 543 F. Supp. 2d at 652 (quoting *Reich v. Circle C. Invs., Inc.*, 998 F.2d 324, 329 (5th Cir. 1993), that the FLSA's definition of "employer" is "sufficiently broad to encompass an individual who, though lacking a possessory interest in the 'employer' corporation, effectively dominates its administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees").

**III. Plaintiff's Misclassification Allegation Is a Facially Plausible Claim and Should Not Be Dismissed Because Such a Claim Entails a Fact-Intensive Inquiry by the Court Requiring More Information Than Available at This Stage of Proceedings. Additionally, Plaintiff Alleged Facts Showing Plaintiff's Dependence on Defendant as an Employee and Alleged Non-Supervisor Employment, Creating a Question of Fact as to Employee Status.**

21. Defendants argue that Plaintiff's Complaint fails to state a facially plausible claim for misclassification as exempt from overtime payment. Motion to Dismiss, page 6. Defendants argue this assertion on Plaintiff's job title status as field operator and field supervisor. Job title is not definitive to determine exemption status. In the context of FLSA exemptions, 29 C.F.R. § 541.2 cautions against an inordinate focus on an individual's job title, stating that that alone is insufficient to establish the exempt status of an employee. *See* 29 C.F.R. § 541.2. Further, Plaintiff alleged in his complaint that all current and former employees of the Defendant who performed surface well operations and held positions as field operators **and** field supervisors were not exempt

from receiving overtime under the FLSA. Complaint, Dkt.1 ¶ 29.

22.     The FLSA specifically exempts from its coverage any employee employed in a bona fide executive, administrative, or professional capacity, as such terms are defined and delimited from time to time by regulations of the Secretary of Labor. 29 U.S.C.S. § 213(a)(1) Job title alone is not sufficient to establish exemption from FLSA and bona fide supervisor status must be established in a fact-intensive review to establish non-exempt employee status. *See Beauchamp v. Flex-N-Gate, LLC,* 357 F Supp. 2d 1010 (E.D. Mich., 2005) (discussing the establishment of *bona fide supervisor* status as a question of fact subject to Court's review).

23.     Whether an employee is exempt from overtime provisions is a mixed question of law and fact to be resolved by the court. *Hein v. PNC Fin. Servs. Group, Inc.*, 511 F. Supp.2d 563, 570 (E.D. Pa.2007). This analysis requires the court to review the historical or record facts and apply all inferences drawn from those facts in favor of the plaintiff. *Id.* Moreover, to establish "employee" status in the Fifth Circuit, the operative question in determining if an individual is an employee under the FLSA is whether, "as a matter of economic reality, the worker is economically dependent upon the alleged employer or is instead in business for himself." *Hopkins v. Cornerstone Am.,* 545 F.3d 338, 343 (5th Cir. 2008). Here, Plaintiff was employed by Defendants to work for Defendants' enterprise and production of goods for the oil and gas business and in no way was in business for himself. Additionally, Defendants completely controlled Brown's opportunity for profit and loss, since Defendants set Brown's wage and was his sole employer during the time in question. *See Carrell v. Sunland Const., Inc.*, 998 F.2d 330 (5th Cir. 1993) (holding that employer's control over employees' hours of work and hourly rate was evidence of employer's control over employee's profits). Therefore, Plaintiff alleged facts in his Original Complaint sufficient to meet the *Iqbal/Twombly* standard of plausibility.

24. In analyzing exemption status of an employee, the court must narrowly construe the FLSA provisions against the employer seeking to assert the exemptions. *See Morisky v. Public Serv. Elec. & Gas Co.,* 111 F. Supp.2d 493, 499 (D. N.J. 2000) (determining the exempt or non-exempt status of any particular employee "is extremely individual and fact-intensive" and requires "a careful factual analysis of the full range of the employee's job duties and responsibilities."). *See also Haskins v. VIP Wireless Consulting*, Civil Action No. 09-754, 2009 U.S. Dist. LEXIS 114136 (W.D. Pa. Dec. 7, 2009) (A detailed, fact-intensive analysis of exemption status was impossible at the early stage of the litigation). Therefore, in this case, Defendants' argument that Plaintiff's Complaint failed to state a facially plausible claim for misclassification is premature, as a fact intensive analysis must be done after discovery of relevant information produced by both parties and because the Court must determine employment status under *Hopkins*. Plaintiff alleged in his Original Complaint that exemption status would be a fact issue to be necessarily determined by the proceedings and that status, payment, and duties would be determined after discovery from documentation and information provided by Defendants in discovery. Complaint, Dkt.1 ¶ 28.

25. It should be noted that Defendant relies heavily on the *Harding* case as support for dismissal of Plaintiff's case with respect to the allegation that Plaintiff failed to sufficiently plead exemption status. However, in the case of *Harding v. Time Warner, Inc.,* the plaintiff alleged broad boilerplate language, alleging that defendant had failed to pay "all former and current employees over the past four years" and that defendant failed to provide "all wages in a compliant manner." *Harding v. Time Warner, Inc.,* No. 09cv1212-WQH-WMc, 2009 U.S. Dist. LEXIS 72851, *3-4 (S.D. Cal. Aug. 18, 2009). This language contrasts heavily when compared to the language used by Plaintiff here in his Original Complaint. Plaintiff specifically alleged violations of the FLSA, such that Defendants violated the FLSA in failing to pay overtime when work was performed in

excess of a 40-hour work week. Complaint, Dkt.1 ¶ 21-22. In summation, the *Harding* case does not provide the Court with guiding factors to analyze exemption status at the pleading stage and, thus, such a case fails to be relevant to the specific issue of exemption status under the FLSA.

IV. **Plaintiff's Complain States a Facially Plausible Claim for Overtime Wages Because Plaintiff Alleged Hours Worked In Excess of 40 Hours Per Workweek and In Excess of an Eight Hour Work Day.**

26. Defendants argue that Plaintiff's Complaint should be dismissed because he failed to state a plausible claim that PTS violated the overtime provisions of the FLSA. Motion to Dismiss, page 8. Defendant relies upon two recent decisions from the circuit courts to urge the court to dismiss Plaintiff's Complaint because Plaintiff's allegation that he regularly worked over 40 hours in a week and was not compensated for such time was insufficient to state a claim under *Twombly* and *Iqbal*. The two cases that Defendants relied upon, *Pruell* and *Dejesus* in their Motion to Dismiss are clearly distinguishable from the present case before this Court because, unlike in *Pruell,* Plaintiff has alleged that he worked hours in excess of forty hours in a workweek over three years. Complaint, Dkt. No. 1 ¶ 24; *See Pruell v. Caritas Christi* 2010 U.S. Dist. LEXIS 101761, 2010 WL 3789318 at *3 (plaintiffs initially alleged only that they were owed overtime wages and employer was in violation of FLSA). Plaintiff here, unlike in the *Dejesus* case, has alleged that he, as well as other similarly situated employees, worked in excess of eight hours per day, giving an approximate hour period worked over a three-year employment period. Complaint, Dkt. No. 1 ¶ 22. Moreover, both plaintiffs in *Pruell* and *Dejesus* were given opportunities to amend and re-plead and failed to do so, which contrasts against the situation in the present case.

27. Defendants rely upon the case *Pruell v. Caritas Christi* to show that Plaintiff's Complaint is facially deficient in showing plausible claims for overtime wages. In *Pruell*, the plaintiffs originally failed to allege *any* information on plaintiffs' approximate weekly wages and hours

worked, or even an allegation that they had worked in excess of forty hours in any workweek. The court granted plaintiffs leave to amend the complaint. *Pruell*, 2010 U.S. Dist. LEXIS 101761, 2010 WL 3789318 at *3. Even after plaintiffs in *Pruell* were given leave to amend their complaint, plaintiffs added only the general allegations of general hours worked and left out specific employers and positions worked by employees. *Id.*

28. Defendants also rely on the case *Dejesus v. HF Mgmt. Servs.* as a guiding case in determining whether or not a Plaintiff's Complaint is facially sufficient to meet the plausibility standard to survive a 12(b)(6) Motion. In *Dejesus,* plaintiff alleged only that in "some or all week," she worked more that forty hours a week. *Dejesus v. HF Mgmt. Servs.,* No. 12-4565, 2013 U.S. App. LEXIS 16105 at *11. The District Court in *Dejesus* concluded that the plaintiff failed to set forth the precise position she held, any approximation of the number of unpaid overtime hours worked, her rate of pay, or any approximation of the amount of wages due" and for these reasons, after giving plaintiff opportunity to amend, dismissed her case. *Id.* at *12.

29. However, the Court in *Dejesus* also discussed the plausibility standard required by various circuits throughout federal court circuits. In the case, *Butler v. DirectSat USA, LLC,* the Fourth Circuit found that the basic allegation that plaintiff worked overtime more than 40 hours in a week and did not receive overtime compensation to be sufficient, and held the following:

> There would be little benefit to dismissing this claim and requiring Plaintiffs to amend to provide an estimate of the number of the overtime hours worked. The existing complaint details the types of work activities that occupied Plaintiffs' alleged overtime hours and provides Defendants with sufficient notice of the basis of the allegations to form a response. Thus, Plaintiffs have stated a plausible claim for their entitlement to overtime wages. While Defendants might appreciate having Plaintiffs' estimate of the overtime hours worked at this stage of the litigation, it would be subject to change during discovery and if/when the size of the collective action grows and thus of limited value.

*Butler v. DirectSat USA, LLC,* 800 F. Supp. 2d 662, 668 (D. Md. 2011). Additionally, plaintiffs are not required to provide an approximation of uncompensated overtime hours to survive a motion to dismiss FLSA overtime claims. *See Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013). *See also Coleman v. John Moore Servs.*, No. H-13-2090, 2014 U.S. Dist. LEXIS 1501 (S.D. Tex. Jan. 7, 2014) *(quoting Perez v. Prime Steak House Rest. Corp.*, 939 F. Supp. 2d 132, 141-42 (D. P.R. 2013) (denying motion to dismiss when the complaint alleged that the plaintiffs were regularly scheduled to work five days per week, the regular shift was a certain number of daily hours, and because these allegations provided both an estimate of the hours worked and a general idea of the type of work performed).

30. Here, Plaintiff Shelby Brown alleges that he has worked in excess of 40 hours per work week without over time payment for a period of at least three years, which is alleged in Plaintiff's request for damages for a period of time of up to three years prior to the filing date of the present lawsuit. Complaint, Dkt.1 ¶ 11, 24. Plaintiff alleges that uncompensated work beyond an 8-hour work day would be in violation of state wage law and claims that employees worked in excess of eight hours per day of the work week. *Id.* at ¶ 22; *See* Alaska Stat. Ann. § 23.10.060 (requiring non-exempt employees to be compensated for overtime hours worked in excess of eight hours per day).

31. Plaintiff's allegations state a specific time range worked in excess over 40 hours per week, that being over 8 hours a day, and such allegations are not a conclusory recitation of statutory language. Plaintiff alleged employee positions and specific work done as a field operator and supervisor. *Id.* at ¶ 11. Plaintiffs alleged employer status of Robert A. Hoff and PTS and work performed to allow for employer status to be plausible, as required under the FLSA. Complaint, Dkt.1 ¶ 6, 15. Therefore, Plaintiff's Complaint is markedly different when compared to those of

the ones dismissed in *Pruell* and *Dejesus,* as it sufficiently alleges the time period of overtime wage payment sought, until further discovery can be accomplished to ascertain accurate reports and records of hours worked, if found. *Connolly,* 2009 WL 3734123, at *3 (noting that it is unreasonable to require more than such allegations before the plaintiff has had the opportunity to conduct discovery).

V. **Plaintiff's Complaint Adequately Alleges FLSA Coverage Because Plaintiff Has Alleged Facts Describing Defendants' Oil and Gas Business Such That a Court Could Find Defendants to Be "Engaged In" the Production of Goods for Commerce.**

32. Defendants argue that Plaintiff's Complaint should be dismissed because he has failed to plead facts establishing FLSA coverage. The FLSA applies only to employees "engaged in commerce or in the production of goods for commerce… or employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C 207 (a)(1). "The FLSA guarantees overtime pay to employees engaged in the production of goods for commerce ("individual coverage") *or* employed in an enterprise engaged in commerce or in the production of goods for commerce ("enterprise coverage")." *Martin v. Bedell,* 955 F.2d 1029, 1032 (5th Cir. 1992) (internal quotations omitted). *"Either* individual or enterprise coverage is enough to invoke FLSA protection." *Id.* "Commerce" under the FLSA "means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

33. The FLSA guarantees overtime and minimum wage pay to employees engaged "in the production of goods for commerce" (individual coverage) or "employed in an enterprise engaged in commerce or in the production of goods for commerce" (enterprise coverage). *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (citing 29 U.S.C. § 207(a)(1). Either individual or enterprise coverage triggers protection under the FLSA. *Id.* Here, Plaintiff is employed by an enterprise

engaged in the production of goods related to surface well operations, including flowback and exploration well testing. Complaint, Dkt.1 ¶ 29.

34. Regarding individual coverage, the employee must prove that he engaged in interstate commerce. *Sobrinio v. Medical Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007). To claim enterprise coverage, three elements are required to demonstrate that the separate entities comprise an enterprise. *Grim Hotel*, 747 F.2d at 969. The entities must: (1) perform related activities; (2) operate in a unified manner or through common control; and (3) possess a common business purpose. *See* 29 U.S.C. § 203(r)(1); *Grim Hotel Co.*, 747 F.2d at 969. In addition, an enterprise must have "employees engaged in commerce or in the production of goods for commerce" and "an annual gross volume of sales made or business done [of] not less than $500,000." 29 U.S.C. § 203(s)(1)(A).

35. In the present case, Plaintiff did not simply recite conclusory allegations of FLSA coverage, as purported by Defendant. *See Lindgren v. Spears,* No. H-10-1929, 2010 U.S. Dist. LEXIS 136491, at *7 (S.D. Tex. Dec. 27, 2010). Plaintiff alleged that he works as a field operator and field supervisor for an oil and gas business. Complaint, Dkt.1 ¶ 29. Plaintiff alleges in his Original Complaint that he, as well as similarly situated employees, performs surface well operations, and exploration well testing or similar job positions on such wells. *Id.* Finally, Plaintiff alleges that Defendant had an annual gross volume of sales made or business done of not less than $500,000. *Id.* at ¶ 15. By alleging that Defendant PTS performed services on wells that produced goods (i.e. oil, gas, and other minerals) that were moved into the stream of commerce, as well as by pleading the statutory amount required which can be further verified through discovery, Plaintiff has met the plausibility standard to show that Defendants were engaged in commerce and that Plaintiff falls under individual coverage by being employed to work on production of goods

from a well moved into the stream of commerce.

## VI. Plaintiff Properly Plead a Willful Violation of the FLSA Because the FLSA Does Not Require Specific Instances of Willfulness or Knowledge to Be Alleged.

36**.**   Here, Plaintiff alleged that Defendants' violations of the FLSA have been repeated, willful, and intentional. Complaint, Dkt.1 ¶ 36. Therefore, under the FLSA and case law, Plaintiff and sufficiently alleged facts of willfulness under the *Twombly/Iqbal* standard because specific allegations the of willfulness, specific instances of unpaid overtime, and the exact number of overtime hours worked are *not* required for a FLSA claim to survive a 12(b)(6) motion. *See, e.g. Nieves v. Ins. Care Direct, Inc.,* No. 09-61330-Civ, 2010 WL 376279, at *3 (S.D. Fla. Jan. 25, 2010) (allegations that Defendant had a practice of not recording time actually worked by employees was sufficient to allege constructive knowledge).

37.   Defendant asserts that Plaintiff's Original Complaint should be dismissed because Plaintiff's allegations of willfulness in violation of the FLSA fail under the *Iqbal/Twombly* pleading standard. However, Defendants fail in their argument to take into account the unique nature of FLSA claims and pleading such claims. As stated above, Specific allegations of willfulness are *not* required for a FLSA claim to survive a 12(b)(6) motion. *Nieves* at *3; *See also, Hoffman,* 2009 WL 4825224, at *4 (where plaintiffs alleged that they were paid their regular rate for overtime hours, plaintiffs need not plead specific facts about any decision maker's state of mind); *Acho*, 2009 WL 3562472, at *2-3.

## VII. Alternatively, Plaintiff Should Be Allowed to Re-Plead Facts Should This Court Find That Such Facts Are Warranted.

38.   Pursuant to Federal Rule of Civil Procedure 15(a)(1), Plaintiff, as a matter of course, has filed an Amended Complaint with this Court on August 21, 2016 and served said Amended Complaint to Defendants through services of process. Fed. R. Civ. P. 15(a)(1)(B). Plaintiffs'

Amended Complaint pleads with greater specificity facts surrounding hours worked by Plaintiff, opt-in Plaintiff and similarly situated employees, employee and employer status, thereby rending much, if not all, of Defendants' allegations in their Motion to Dismiss moot. However, Plaintiffs respectfully requests an opportunity to re-plead his Complaint if ruled necessary by this Court.

## CONCLUSION

40. For the foregoing reasons, Shelby Brown, Individually and on behalf of other similarly situated, opt in Plaintiff Tommy Britt request that the Court deny Defendants' Motion to Dismiss and, in the alternative, give Plaintiffs time and leave to re-plead if needed.

Respectfully submitted,

  s/ John David Hart
JOHN DAVID HART
State Bar #09147700

LAW OFFICES OF JOHN DAVID HART
Wells Fargo Tower
201 Main Street, Suite 1720
Fort Worth, Texas 76102
(817) 870-2102 – Telephone
(817) 332-5858 – Facsimile
johnhart@hartlaw.com

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This is to certify that on this the 22nd day of August, 2016, a true and correct copy of the above and foregoing document was served electronically through the Court's ECF System to all parties of record.

s/John David Hart
JOHN DAVID HART