# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Shelby Brown, individually and on behalf of others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § § | CIVIL ACTION NO. 16-CV-01152 |
| PRODUCTION TESTING SERVICES, INC. and ROBERT HOFF, | § § § § | |
| Defendants. | § | |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND MOTION TO DISQUALIFY THE LAW OFFICES OF JOHN DAVID HART FROM REPRESENTING PLAINTIFFS

Defendants Production Testing Services, Inc. ("*PTS*") and Robert Hoff ("*Hoff*") (collectively, "*Defendants*") file this *Response to Plaintiffs' Motion for Conditional Certification and Motion to Disqualify the Law Offices of John David Hart from Representing Plaintiffs* (the "*Motion*") as follows:

## I. SUMMARY OF THE ARGUMENT

This Motion asks the Court to answer a relatively straightforward question: May an attorney represent two distinct classes of individuals against the same defendant in a collective action?

Plaintiffs seek to conditionally certify two distinct groups of employees: the field operators and the supervisors. While Plaintiffs attempt to lump these two groups together, these two groups of employees have separate and distinct duties, are paid differently, and PTS will assert separate defenses with respect to each group of employees. For ***conditional certification***

*purposes only,*[1] Defendants are not challenging that the field operators satisfy the first stage of the *Lusardi* test. Similarly, **for conditional certification purposes only**, Defendants are not challenging that the supervisors are sufficiently similar to satisfy the first stage of the *Lusardi* test. The supervisors and the field operator employees, however, are not the same group of employees. And the distinct differences between the LBO employees and the supervisors require two separate classes, which creates a conflict for Plaintiffs' counsel. The case law is clear: an attorney cannot represent two separate classes against the same defendant. Accordingly, PTS regrettably asks the Court to disqualify Plaintiffs' counsel, and order Plaintiffs to engage separate counsel if they wish to pursue claims against PTS.

## II. RELEVANT FACTUAL BACKGROUND

During his tenure at PTS, Plaintiff Shelby Brown was a field operator. Pls.' First Am. Compl. At ¶ 23. Field operators "perform work including performing well testing, i.e. frac-flow back, measurements, lab work and maintenance, complete charts and general maintenance, clean up and painting to keep equipment and site in its most presentable condition." *Id.* Field operators are not salary-based employees and have no true supervisory responsibilities. Ex. 1, Dec. of Parker at ¶ 3.

Plaintiff Tommy Britt is a supervisor for PTS. Supervisors have true management responsibilities. *Id.* at ¶ 4. Supervisors are ultimately responsible for the project and everyone at the project site. *Id.* While some supervisors may assist field operators in their day-to-day duties, supervisor's ultimate responsibilities are to oversee the project, fill out appropriate paperwork, and manage the field operators at the work site. *Id.* Additionally, supervisors, like Britt, can participate in interviewing potential employees and have input on hiring and firing employees.

---

[1] PTS reserves the right to seek decertification if, after discovery, Plaintiffs cannot establish that they are similarly situated under the heightened standard in the second stage of the *Lsuardi* test.

*Id.* Unlike field operators, supervisors are paid a salary plus an additional day rate for the time they are in the field. *Id.*

From time to time, a supervisor may appoint a "lead operator" or "night supervisor." These employees are not true supervisors, but instead field operators who are temporarily put in charge. *Id.* ¶ 5. Lead operators or night supervisors, however, still report to the supervisor who remains ultimately responsible for the project. *Id*. Because lead operators and night supervisors ***are*** field operators, PTS does not dispute that lead operators and night supervisors are similarly situated to field operators. However, these employees are not the same as the supervisor of the project.

### III. ARGUMENT AND AUTHORITIES

Appointment of class counsel does not occur through simple operation of the private enterprise system. Rather the class determination of counsel comes through judicial determinations, and the attorney so benefited serves in something of a position of public trust. Consequently, class counsel shares with the court the burden of protecting the class action device against public apprehensions that it encourages strike suits and excessive attorneys' fees. *Alpine Pharmacy, Inc. v. Chas. Pfizer & Co., Inc.*, 481 F.2d 1045, 1050 (2d Cir. 1973).

The United States Supreme Court prohibits an attorney from simultaneously representing two separate classes against the same defendant. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 856 (1999) ("[I]t is obvious after *Amchem* that a class divided between holders of present and future claims … requires division into homogeneous subclasses under Rule 23(c)(4)(B) ***with separate representation to eliminate conflicting interests of counsel***" (emphasis added)). In other words simultaneous representation of separate classes of individuals against the same defendant creates inherent conflict.

Class counsel must avoid any appearance of conflict because class counsel must meet high standards, higher than those which the ordinary rules of professional conduct would otherwise require. "Class counsel must act with unwavering and complete loyalty to the class members they represent, and the 'responsibility of class counsel to absent class members whose control over their attorneys is limited does not permit even the appearance of divided loyalties of counsel.'" *Krim v. Pcorder.com, Inc.*, 210 F.R.D. 581, 589 (W.D. Tex. 2002) *(quoting Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1465 (9th Cir. 1995)). Class counsel must fairly and adequately protect the interests of the class. "This threshold inquiry is so important that the rule requires consideration of 'any other matters pertinent to counsel's ability to fairly and adequately represent the interests of the class.'" *Lou v. Ma Laboratories, Inc.*, 2014 WL 68605, No. c 12-05409 WHA, *1 (N.D. Cal. Jan. 8, 2014) (citing Fed. R. Civ. P. 23(g)(1)(B)).

The court in *Ma Laboratories* summarized the importance of the role of class counsel and why courts should tightly police the appointment of class counsel:

> Adequacy of class counsel is vital to protect the interests of absent class members. Class counsel wield great power. Strategic decisions made by counsel to litigate and/or settle class claims have profound implications on the rights of absent class members. At best, absent class members' interests can be vindicated. At worst, litigation and settlement decisions can result in preclusion, collusion, and exclusion. It is thus critical that sufficient procedural and structural protections be enforced so that the interests of absent and putative class members are not abridged.

*Id.* at *2.

When different plaintiffs proceeding at the same time with the same claims with the same counsel against the same defendants, the risk of counsel compromising one class for the sake of the other is intensified. *Ma Laboratories, Inc.*, 2014 WL 68605 at *2. For that reason, "Courts have consistently held that counsel cannot simultaneously represent a class and prosecute either individual or class claims against the same defendants in a different proceeding, even if there is

partial overlap among the plaintiffs or class members in the cases." 1 Mclaughlin on Class Actions 4:39 (10th ed.); *see also Krim*, 210 F.R.D. at 589 ("Conflicts of interest may exist for class counsel if they are involved in multiple lawsuits for the named representative or against the same defendants.")

No actual conflict need exist in order to deny certification or grant disqualification based on a conflict of interest. *Kayes v. Pacific Lumber*, 51 F.3d 1449, 1465 (9th Cir. 1995) (finding that district court did not abuse discretion in requiring class counsel to withdraw from representing named plaintiffs in individual actions in order to represent class). "The 'appearance' of divided loyalties refers to differing and potentially conflicting interests and is not limited to instances manifesting such conflict." *Id.* Nevertheless, class counsel will not necessarily be disqualified for representing another class against the same defendants when, for instance, the purported conflicts are illusory and speculative, the class has co-counsel untainted by the conflict, and there are procedural safeguards protecting the class's interests, such as requiring disclosure of the potential conflict to class members and requiring court approval for settlements. *Sheftelman v. Jones*, 667 F.Supp. 859, 865-866 (N.D. Ga. 1987).

Plaintiffs' counsel seeks to represent separate classes of employees within the context of this same litigation. Counsel is asserting the same overtime claims with respect to each class. The classes, however, are separate and distinct. Field operators are the employees on the site that are responsible for the physical labor. Supervisors, on the other hand, manage the worksite. The field operators and supervisors do not become the same merely because supervisors assist field operators with operations. Supervisor's duties extend far beyond the physical operation of the site. Moreover, field operators are not responsible for paperwork, do not manage employees, and are not the ones ultimately accountable for the worksite. These are all responsibilities and

---

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND MOTION TO DISQUALIFY THE LAW OFFICES OF JOHN DAVID HART FROM REPRESENTING PLAINTIFFS** **Page 5**

duties that are exclusively reserved to the supervisor. Likewise, field operators do not become the same as supervisors merely because they are from time to time appointed "lead operator" or "night supervisor." Lead operators and night supervisors are still field operators. They still report directly to the supervisor and are not ultimately responsible for the work site.

Here, the potential of class counsel compromising one class for the sake of the other is especially intensified. Unlike *Ma Laboratories*, where class counsel represented two classes in separate litigation, here Plaintiffs propose to move forward with claims from two separate groups of individuals ***in the same case***. PTS will raise separate defenses with respect to each group of individuals. Namely, PTS will assert that the class of supervisors are exempt under the executive exemption of the FLSA, a defense that PTS does not have with respect to the field operators. *See generally* 29 CFR § 541. Consequently, Plaintiffs and PTS may value the claims and the likelihood of ultimate success at trial for each class differently. But since both classes are proceeding together within the same case, it is likely that settlement or mediation will involve both classes simultaneously. Accordingly, Plaintiffs' counsel will be unable to avoid the appearance divided loyalties and sacrificing the claims of one class for the sake of reaching a resolution for the other class.

A class "deserves to be championed by its counsel unencumbered by their duties to other clients." *Ma Laboratories, Inc.*, 2014 WL 68605 at *2. Because class counsel is encumbered with duties towards multiple clients, he must be disqualified and Plaintiffs should be ordered to engage separate counsel if they wish to proceed with this litigation.

## IV. RELIEF REQUESTED

WHEREFORE, Defendants respectfully request that this Court enter an order (a) disqualifying the Law Offices of John David Hart from representing Plaintiffs, and (b) awarding Defendants such other and further relief that this Court deems just and proper.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND MOTION TO DISQUALIFY THE LAW OFFICES OF JOHN DAVID HART FROM REPRESENTING PLAINTIFFS**     **Page 6**

Respectfully submitted,

*/s/ Jessica Glatzer Mason*
Jessica Glatzer Mason
Southern District No. 617542
Texas State Bar No. 24051001
jmason@gardere.com
J. Michael Thomas
Texas State Bar No. 24066812
GARDERE WYNNE SEWELL LLP
1000 Louisiana Street, Suite 2000
Houston, Texas  77002
Telephone:    (713) 276-5500
Facsimile:    (713) 276-5555

**ATTORNEYS FOR DEFENDANTS PRODUCTION TESTING SERVICES, INC. AND ROBERT A. HOFF**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that she conferred with opposing counsel regarding the substance of this Motion and that he is opposed to the relief sought by this Motion.

*/s/ Jessica G. Mason*
Jessica G. Mason

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been served upon counsel of record via the Court's ECF system on September 30, 2016.

*/s/ Jessica G. Mason*
Jessica G. Mason