IN THE UNITED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHELBY BROWN, Individually and on behalf of others similarly situated, § § § | |
| § | JURY DEMANDED |
| Plaintiff, § § | |
| v. § | CIVIL ACTION NO. 4:16-cv-01152 |
| § | |
| PRODUCTION TESTING SERVICES, INC. and ROBERT A. HOFF, § § § § | |
| § | |
| Defendants. § | |

**PLAINTIFFS' REPLY IN OPPOSITION TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY AND RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY
THE LAW OFFICES OF JOHN DAVID HART FROM REPRESENTING PLAINTIFFS**

TO THE HONORABLE COURT:

COME NOW Plaintiffs Shelby Brown and Tommy Britt, Individually and on behalf of others similarly situated, and file this Reply in Opposition to Defendants' Response to Plaintiffs' Motion to Conditionally Certify and Response in Opposition of Defendants' Motion to Disqualify the Law Offices of John David Hart from Representing Plaintiffs ("Motion to Disqualify"), filed on September 30, 2016. *See* Motion to Disqualify, Document 20. Defendants are Production Testing Services, Inc. ("Production Testing Services, Inc." and "PTS") and Robert A. Hoff.

**NATURE AND STAGE OF PROCEEDINGS**

1. On April 28, 2016, Plaintiffs filed a complaint against all Defendants, alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* ("FLSA") and the Alaska Wage and Hour Act (AWHA) Sec. 23.10.060; Plaintiff's Original Collective and Class Action Complaint (herein after the "Complaint"), Document 1; Plaintiffs' First Amended Collective and

Class Action Complaint ("Amd. Complaint" and "Amended Complaint"). The parties mutually agreed to extend Defendants' deadline to Answer or otherwise respond to August 1, 2016. Before filing their Answer, Defendants filed a Motion to Dismiss ("Motion to Dismiss") on August 1, 2016. An Order was entered denying Defendants' Motion to Dismiss on September 1, 2016. *See* Order Denying Defendants' Motion to Dismiss, Document 15. Plaintiffs filed a Motion for Conditional Certification a Collective Class on September 9, 2016. Motion for Conditional Certification, Document 18. On that same day, Plaintiffs filed a Motion for Rule 23 Class Certification. Motion for Rule 23 Class Certification, Document 17. Both motions are pending before this Court.

## FACTUAL BACKGROUND

2. Plaintiff Shelby Brown and opt-in Plaintiff Tommy Britt ("Plaintiffs") allege that Defendants failed to pay them and other similarly situated employees for overtime during a three-year work period. Defendants employed Brown and Britt as field operators and supervisors in the oil and gas industry. Brown, Britt, and similarly situated employees performed surface-well operations, including flowback and exploration testing. Complaint, Document 1, ¶ 11.

3. During their time of employment, Brown, Britt, and other similarly situated employees of Defendants regularly worked over 40 hours per week without being paid overtime compensation for overtime hours worked. Complaint, Document 1, ¶ 21. Additionally, Plaintiffs allege that Defendants failed to pay Plaintiffs and other similarly situated employees overtime payment for hours worked in excess of eight hours per day, in violation of AWHA Sec. 23.10.060. Complaint, Document 1, ¶ 38. Plaintiffs also allege a misclassification of Plaintiffs' employment status as employees exempted from receiving overtime under the FLSA. Complaint, Document 1, ¶ 33.

## LEGAL STANDARD

4. Two requirements must be met to maintain a collective action under the FLSA. *Green v. Plantation of Louisiana,* LLC, 2010 U.S. Dist. LEXIS 133441, 2010 WL 5256354, *3 (quoting *Whitworth v. Chiles Offshore Corp.,* 1992 U.S. Dist. LEXIS 13405, 1992 WL 235907, *1 (E.D. La. 1992) (McNamara, J)). First, the named representatives and the members of the prospective FLSA class must be similarly situated. *Id*. There must be "some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice]." *Id.; England v. New Century Financial Corp.,* 370 F.Supp.2d 504, 508 (M.D. La. 2005). Second, the action at issue must be one of general effect. *Whitworth*, 1992 U.S. Dist. LEXIS 13405, 1992 WL 235907, at *1.

5. Courts often analyze the "similarly situated" inquiry using a two-step analysis. In the first step, the "notice stage," the Court determines whether notice should be given to potential members of the collective action, "usually based only on the pleadings and any affidavits." *Mooney*, 54 F.3d at 1213-1214; *see also, Lusardi v. Xerox Corp.,* 118 F.R.D. 351 (D. N.J. 1987). Because the court has minimal evidence, this determination is made using a fairly lenient standard, *and typically results in 'conditional certification'* of a representative class" that provides potential class members with notice and the opportunity to opt-in. *Maynor*, 2008 WL 2220394 at *5 (quoting *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1214 n.8 (5th Cir. 1995). A plaintiff who provides substantial allegations showing a factual basis that links potential class members together as the victims of a single decision, policy, or plan that is alleged to violate the FLSA meets this lenient burden. *Maynor*, 2008 WL 2220394 at *5.

## SUMMARY OF ARGUMENT

6. Defendants' Motion to Disqualify the Law Offices of John David Hart from Representing

Plaintiffs should be denied by this Court, because a conflict of interest does not exist as to Hart's representation of field operators and field supervisors employed by PTS and Robert A. Hoff. A conflict of interest does not exist with respect to class representation because conditional class certification has not yet been granted by this Court. There is no showing that two classes are necessary, nor any facts showing why the undersigned's disqualification would be necessary if there were multiple classes. Additionally, other remedies are available to ensure full loyalty to and protection of classes against Defendants PTS and Robert A. Hoff, should this Court eventually determine that such remedies are required. For these reasons, Plaintiffs respectfully request that Defendants' Motion to Disqualify the Law Offices of John David Hart from Representing Plaintiffs be denied.

## ARGUMENTS AND AUTHORITIES

**I.  Defendants' Motion to Disqualify the Law Offices of John David Hart from Representing Plaintiffs Should Be Denied by This Court, Because No Conflict of Interest Exists as to Hart's Representation of Field Operators and Field Supervisors Employed by PTS and Robert A. Hoff. This Court Has Not Yet Granted Conditional Class Certification, Thereby Making Defendants' Motion Premature, Harsh and Ultimately Unnecessary with the Availability of Other Remedies to Ensure Class Protection.**

7.  Courts have long held that with respect to classification of employees for FLSA purposes, "similarly situated" does not mean identically situated. *Basco*, 2004 U.S. Dist. LEXIS 12441, 2004 WL 1497709, at *5 (*citing Crain v. Helmerich and Payne Intern'l Drilling Co*., 1992 U.S. Dist. LEXIS 5367, 1992 WL 91946, *2 (E.D. La. 1992). Slight differences in job duties or functions do not run afoul of the similarly situated requirement." *Tolentino v. C & J Spec-Rent Services, Inc*., 716 F.Supp.2d 642, 652 (S.D. Tex. 2010). Moreover, the "similarly situated" requirement of § 216(b) is less stringent than the "similarly situated" requirement of Fed. R. Civ. P. 20 and 42. *Ryan v. Staff Care, Inc.,* 497 F.Supp.2d 820, 825 (N.D. Tex. 2007) (citing *Grayson v. K Mart*

Plaintiffs Reply in Opposition to Defendants' Response and    4
Response in Opposition to Defendants' Motion to Disqualify

*Corporation,* 79 F.3d 1086, 1096 (11th Cir.), *cert. denied,*519 U.S. 982, (1996)). Thus, a court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff rather than from a generally applicable rule, policy or practice. *Maynor*, 2008 WL 2220394 at *5 (citations omitted). A plaintiff need only show some factual support for the complaint allegations of a class-wide policy or practice. *Maynor*, 2008 WL 2220394 at *5.

8.  In the present case, Shelby Brown, Tommy Britt, and other individuals similarly situated, are field operators and supervisors for PTS. Amd. Complaint, ¶ 25-27. Field operators and field supervisors have the same job responsibilities at PTS. *Id.* at ¶¶ 25, 27-28. These job responsibilities include performing surface-well operations, including flowback and exploration testing. *Id.* at ¶ 23, 26. Defendants do not challenge that field operators and field supervisors are similarly situated for collective action purposes. Motion to Disqualify, ¶ 2

9.  Defendants allege that Plaintiff Tommy Britt is a supervisor for PTS and that supervisors have true management responsibilities at PTS. *See* Motion to Disqualify, ¶ 4[1]. Defendants further argue that while some supervisors may assist field operators in their day-to-day duties, supervisors' ultimate responsibilities are to oversee the project, fill out appropriate paperwork, and manage the field operators at the work site and that employees like Tommy Britt have the ability to provide hiring and firing input *Id.* Finally, Defendants allege that, unlike field operators, supervisors are paid a salary plus an additional day rate for the time they are in the field. *Id*. Based upon these alleged facts, Defendants erroneously conclude that field operators and field supervisors are employment positions that differ so greatly that adequate representation through one counsel

---

[1] Paragraph references are based upon numbering by Plaintiffs' counsel, as Defendants did not number their paragraphs in their Response to Plaintiffs' Motion for Conditional Certification and Motion to Disqualify the Law Offices of John David Hart from Representing Plaintiffs.

would be impossible. *Id* at ¶ 14. In reality, the representation of field operators and field supervisors by the undersigned not only furthers the goal of FLSA in collective class certification of similarly situated employees, but also lends to judicial efficiency in the present case.

10. As discussed in Paragraph 7, Courts have long held that with respect to classification of employees for FLSA purposes, "similarly situated" does not mean identically situated. *Basco*, 2004 U.S. Dist. LEXIS 12441, 2004 WL 1497709, at *5 (*citing Crain v. Helmerich and Payne Intern'l Drilling Co.*, 1992 U.S. Dist. LEXIS 5367, 1992 WL 91946, *2 (E.D. La. 1992). The additional job duties of filing paperwork or giving input to PTS management over employee performance for hiring or firing purposes as a field supervisor for PTS does not mean that field supervisors cannot belong to the same collective class as field operators at PTS. Field supervisors and field operators were paid with a similar structure and process while working for PTS. Amd. Complaint, ¶ 55. Field supervisors did not require different training or additional education to serve in their roles. *Id.* at ¶¶ 35-37. Both field operators and field supervisors were victims of a plan of non-payment of overtime compensation at PTS. Likewise, both field operators and field supervisors were victims of misclassification of employment status while working at PTS. Plaintiffs' shared victimization under a policy and plan of non-payment of overtime at PTS is sufficient for field operators and field supervisors to belong to the same class and to be represented by the same counsel. *See Maynor*, 2008 WL 2220394 at *5 (holding that a plaintiff who provides substantial allegations showing a factual basis that links potential class members together as the victims of a single decision, policy, or plan that is alleged to violate the FLSA meet the "similarly situated" burden). This representation allows for the efficient resolution of numerous factual issues common to both field operators and field supervisors, specifically the fact issue of a pervasive policy of non-payment of overtime compensation.

11.     Defendants rely upon *Lou v. Ma Laboratories, Inc*. as authority for disqualifying the Law Offices of John David Hart in representing Plaintiffs. Defendants allege that, "[w]hen different plaintiffs proceeding at the same time with the same claims with the same counsel against the same defendants, the risk of counsel compromising one class for the sake of the other is intensified." *Ma Laboratories, Inc.,* 2014 WL 68605 at *2. Defendants allege that this case law clearly shows that "an attorney cannot represent two separate classes against the same defendant." Motion to Dismiss, ¶ 2. The *Lou v. Ma Laboratories, Inc.* holding upon which Defendants base this allegation is however, not applicable to the case at bar, as there is only one proceeding before this Court.

12.     In *Lou v. Ma Laboratories, Inc.,* Plaintiffs' counsel filed one lawsuit against Defendant Ma Laboratories, Inc., designating Plaintiff *Tian* as class representative of a class of over 500 members. *Lou v. Ma Laboratories., Inc.*, No. C 12-05409 WHA, 2014 U.S. Dist. LEXIS 2665, *3 (N.D. Cal. 2014). Plaintiffs' counsel then initiated a second lawsuit, stemming from the same issues under the FLSA against the same defendant, designating Plaintiff *Lou* as class representative of a class of over 200 members. *Id.* Plaintiffs' counsel was disqualified from representing the Plaintiffs in the second lawsuit, as settlement with defendants in the initial lawsuit would possibly lead to Plaintiffs in the *Lou* lawsuit not receiving just compensation or sufficient settlement negotiations from their lawyer in the second, simultaneous and separate proceeding. *Id* at *13. *Lou v. Ma Laboratories, Inc*. vastly differs from the case at bar.

13.     Here, Plaintiffs have filed a Motion before the Court requesting that field operators and field supervisors be conditionally certified as a class against PTS and Robert A. Hoff. Motion for Conditional Certification, Document Number 18. Through this collective certification, Plaintiffs will appear before the Court in a ***single*** proceeding as similarly situated class members, thereby allowing Plaintiffs to efficiently bring their FLSA claims against PTS and Robert A. Hoff at one

time, eliminating the issues of conflicting representation found in the *Ma Laboratories* case. Additionally, the expected class size will not reach the class size of 500 and 200 members, as was the case in *Lou v. Ma Laboratories, Inc.*, allowing for efficiency in determining fact issues against PTS and Robert A. Hoff.

14.     Defendants further allege that The Law Offices of John David Hart should be disqualified to prevent any "appearance" of divided loyalty from counsel in representing field operators and supervisors. *See Motion to Disqualify,* Document 20, ¶ 11.[2] Defendants argue that Plaintiffs and PTS may "value the claims and the likelihood of ultimate success at trial for each class differently," and because both classes are proceeding together within the same case, it is likely that settlement or mediation will involve both classes simultaneously, leading to an avoidable "appearance divided loyalties and sacrificing the claims of one class for the sake of reaching a resolution for the other class." *Id* at ¶ 13. Such statements are ***completely*** without foundation. Defendants fail to allege how the claims of one class would be sacrificed to reach resolution on another class, when all claims class members in the current case would be brought before the Court and against the Defendants in one single proceeding. Rather Defendants base their Motion on speculation as to possible issues with class representation. However, such speculation cannot be the basis for disqualification. *See Sheftelman v. Jones*, 667 F. Supp. 859, 865-866 (N.D. Ga. 1987 (holding class counsel will not necessarily be disqualified for representing another class against the same defendants when purported conflicts are illusory and speculative).

15.     Moreover, Defendants base their unfounded hypothetical of divided loyalty on the premise that there are numerous classes requiring representation in this case. The case before this Court, as

---

[2] Defendants attempt to support their argument by referencing various cases addressing counsel disqualification in Rule 23 certification cases only. Moreover, the cases Defendants reference deal classes containing members with ***both*** past and future claims serving as potential reason why counsel should be disqualified, which is not the case in the current proceeding. *See* Motion to Disqualify, Document 20, ¶ 7; *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 856 (1999); *Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1465 (9th Cir. 1995) (claims of class members were not covered by present suit, leading to counsel disqualification).

it stands currently, consists of one group of Plaintiffs, composed of field operators and field supervisors, bringing FLSA claims against Defendants PTS and Robert A. Hoff. Conditional class certification under the FLSA has not yet been granted by this Court. There has been no showing of a need for multiple classes in the current proceeding. Even assuming that this Court determines that multiple classes are necessary, there is no reason as to why counsel should be disqualified in order to accomplish this goal.

16. Defendants' remedy of disqualification of counsel as a means of ensuring that class and sub-class interests are protected is unreasonable and unnecessary in this case. Defendants argue that "[B]ecause class counsel is encumbered with duties towards multiple clients, he must be disqualified and Plaintiffs should be ordered to engage separate counsel if they wish to proceed with this litigation." Motion to Disqualify, Document 20, ¶ 13. However, in arguing that the undersigned's disqualification is the sole remedy available in the case where various employee classes exist, Defendants fail to acknowledge that courts may choose to create and implement sub-classes, represented by one counsel, as a means to ensure that Plaintiffs with differing job duties can still fully litigate their FLSA against the same defendants. *See Boudreaux v. Schlumberger Tech. Corp.,* No. 6:14-2267, 2015 U.S. Dist. LEXIS 22870 (W.D. La. 2015) (creating Plaintiff sub-classes and representation by the same counsel); *see also, Meyer v. Phoenix Technology Services USA Inc.*, No. 4:14-cv-01490 (S.D. Texas, January 27, 2015).

17. This Court has not yet decided to grant or deny conditional class certification. There has been no showing of the necessity of numerous classes in the case at bar. Defendants do not challenge that field operators and field supervisors are similarly situated for collective action purposes. Motion to Disqualify, ¶ 2. Additionally, there has been no showing that counsel should be disqualified. Therefore, Defendants' Motion to Disqualify counsel should be denied.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court enter an order (a) denying Defendants' Motion to Disqualify the Law Offices of John David Hart from Representing Plaintiffs; (b) granting Plaintiffs' Motions for collective certification and Rule 23 class certification as previously sought; and (c) awarding Plaintiffs such other and further relief that this Court deems just and proper, whether in law or in equity.

Respectfully submitted,

/s/ John David Hart
JOHN DAVID HART
Southern District #9018
State Bar #09147700

LAW OFFICES OF JOHN DAVID HART
Wells Fargo Tower
201 Main Street, Suite 1720
Fort Worth, Texas 76102
(817) 870-2102 – Telephone
(817) 332-5858 – Facsimile
johnhart@hartlaw.com
**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This is to certify that on this, the 5th day of October, 2016, a true and correct copy of the above and foregoing document was served electronically through the Court's ECF System to all parties of record.

/s/John David Hart
JOHN DAVID HART

Plaintiffs Reply in Opposition to Defendants' Response and
Response in Opposition to Defendants' Motion to Disqualify

10