IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Shelby Brown, individually and on behalf of others similarly situated,** | § § § | |
| **Plaintiffs,** | § § | **CIVIL ACTION NO. 16-CV-01152** |
| vs. | § § | |
| **PRODUCTION TESTING SERVICES, INC. and ROBERT HOFF,** | § § § § | |
| **Defendants.** | | |

### DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISQUALIFY THE LAW OFFICES OF JOHN DAVID HART FROM REPRESENTING PLAINTIFFS

Defendants Production Testing Services, Inc. ("*PTS*") and Robert Hoff ("*Hoff*") (collectively, "*Defendants*") file this Reply to *Plaintiffs' Response to Defendants' Motion to Disqualify the Law Offices of John David Hart from Representing Plaintiffs* ("*Plaintiffs' Response*") as follows:

#### I. ARGUMENT AND AUTHORITIES

Plaintiffs present no evidence to contradict Defendants' evidence that supervisors and field operators are not similarly situated and therefore should not be joined in the same class. Plaintiffs conclusively state that because both field operators and supervisors were "victims of misclassification," they can be joined in one class. Plaintiffs' Response ¶ 10. Not true. The misclassification claim applies ***only*** to supervisors. Defendants did not classify field operators as exempt from overtime and therefore they have no misclassification claim. Moreover, Plaintiffs make conclusory statements that any differences between the positions are insignificant and do not preclude the combination of both groups into one class. Plaintiffs' Response ¶¶ 8-9. Plaintiffs' blanket assertions do nothing to detract from Defendants' evidence that field operators

and supervisors are not similarly situated. A comparison of the job duties makes clear that the differences between field operators and supervisors – which Plaintiffs contend are trivial – are in fact substantial.

| Supervisors | Field Operators |
|---|---|
| Salary plus additional day rate. | Hourly. |
| Interview potential employees. | Not involved in interviewing potential employees. |
| Provide feedback to PTS regarding employment decisions, including hiring and firing. | Not involved in employment decisions. |
| Designate temporary "lead operator" or "night supervisor" who must report to supervisor. | On occasion, may be temporarily designated as "lead operator" or "night supervisor" and report to supervisor. |
| Manage the worksite. | No authority to manage the worksite. Accept orders and direction from supervisors. |
| On occasion, may assist field operators with operations. | Conduct physical labor. |

These differences are critical because they give rise to an entirely distinct defense as to the supervisors' claims: supervisors are exempt under the executive exception. This will create a conflict of interest as the risk analysis for supervisors will undoubtedly differ compared to that of field operators. As such, one class of employees may be more willing to settle than the other.

Furthermore, Plaintiffs' argument that no conflict currently exists is unavailing. As discussed in *Defendants' Response to Plaintiffs' Motion for Conditional Certification and Motion to Disqualify*, disqualification does not require an actual conflict. Rather, even the **appearance** of divided loyalties and **potential** conflicts of interest must be remedied. *See Ma Laboratories, Inc.*, No. C 12-05409 WHA, 2014 WL 68605 at *2 (N.D. Cal. Jan. 8, 2014) (disqualifying counsel where incentive to settle all claims at once, if at all, would create opportunities for counsel to manipulate the allocation of settlement dollars); *see also* 1 Mclaughlin on Class Actions 4:39 (10th ed.); *Krim v. pcOrder.com, Inc.*, 210 F.R.D. 581, 589

(W.D. Tex. 2002) (noting that conflicts of interest may arise where counsel is involved in multiple class action lawsuits for the named representative or against the same defendants).

Here, the potential conflicts of interest are much more than illusory or speculative, as Plaintiffs contend. The difference in risk analysis creates the ***opportunity*** for the Law Offices of John David Hart to manipulate the settlement of the claims of both the supervisors and field operators where the risk of not settling differs between them. Hence, there is, at minimum, the ***appearance*** of a conflict, and therefore the Law Offices of John David Hart should be disqualified from representing both field operators and supervisors.

Finally, Plaintiffs' reliance on *Sheftelman v. Jones* is misplaced. 667 F. Supp. 859 (N.D. Ga. 1987). Plaintiffs' Response ¶ 14. There, the court noted that several safeguards existed to "eviscerate" the "very speculative" potential conflicts. *Id.* at 865. Most notably, the court stated that the plaintiffs were represented by co-counsel who were untainted by the alleged conflict. *Id.* at 866. Here, no untainted co-counsel exists to protect the difference classes of employees' countervailing interests. Moreover, Plaintiffs fail to propose any safeguards that could cure the conflicts of interest that will likely arise in this case. As such, the Law Offices of John David Hart should be disqualified from representing Plaintiffs.

## II. RELIEF REQUESTED

WHEREFORE, Defendants respectfully request that this Court enter an order (a) disqualifying the Law Offices of John David Hart from representing Plaintiffs, and (b) awarding Defendants such other and further relief that this Court deems just and proper.

Respectfully submitted,

*/s/ Jessica Glatzer Mason*
Jessica Glatzer Mason
Southern District No. 617542
Texas State Bar No. 24051001
jmason@gardere.com
J. Michael Thomas
Texas State Bar No. 24066812
GARDERE WYNNE SEWELL LLP
1000 Louisiana Street, Suite 2000
Houston, Texas  77002
Telephone:     (713) 276-5500
Facsimile:      (713) 276-5555

**ATTORNEYS FOR DEFENDANTS PRODUCTION TESTING SERVICES, INC. AND ROBERT A. HOFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been served upon counsel of record via the Court's ECF system on October 12, 2016.

*/s/ Jessica G. Mason*
Jessica G. Mason